OPINION
Plaintiff Elizabeth Ann Johnson appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, which overruled her objections to the report of the magistrate, and approved the magistrate's decision. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED, AS A MATTER OF LAW, APPROVING THE RECOMMENDATION OF THE MAGISTRATE THAT THE SEPARATION AGREEMENT WAS FAIR, JUST, EQUITABLE AND ENFORCEABLE.
Appellant filed a complaint for divorce in November of 1994, but the parties reconciled and dismissed the action. In February of 1997, appellant filed a new complaint for divorce in Ashland County, Ohio, and appellee filed a complaint in Cuyahoga County, Ohio, which was later transferred to Ashland County and consolidated with the action there. In his answer to appellant's complaint, appellee requested the trial court enforce the separation agreement the parties had executed in August of 1994. After a hearing, the magistrate found the parties had voluntarily executed the separation agreement, and held it was enforceable. Upon objection, the trial court reviewed the matter, and entered an extensive judgment and opinion outlining the issues and the law in the State of Ohio. The court found the parties' separation agreement must be enforced. Appellant urges the separation agreement is null and void because the parties reconciled after they executed it, and even participated in a religious ceremony to renew their marriage vows. Both the magistrate and the trial court analyzed this issue, and determined an executed separation agreement containing property division provisions is not subject to recission, revocation, or abrogation, solely by reconciliation of the parties and resumption of the marital relationship. Instead, there must be direct evidence of a clear agreement between the parties that the separation agreement be revoked. Appellant cited Lowman v. Lowman (1956), 166 Ohio St. 1, wherein the Ohio Supreme Court rejected a request to nullify the separation agreement based upon an alleged reconciliation. The Supreme Court found there must be direct evidence of reconciliation. The magistrate here found the evidence presented was insufficient to demonstrate the parties actually reconciled, and did not demonstrate a mutual intent to revoke the separation agreement. Our review of the record leads us to agree there was no evidence presented that the parties mutually revoked the terms of their separation agreement. Appellant also argues in order to find the separation agreement is enforceable, the trial court must find both the parties voluntarily executed the separation agreement, and must also independently determine the separation agreement is fair and equitable. Appellant argued to the magistrate the terms of the separation agreement were not fair. As the magistrate pointed out, the mere fact the separation agreement does not divide the property of the parties equally does not mean the agreement is not fair and not enforceable. The magistrate found there was no evidence presented appellant signed the separation agreement because of duress or undue influence. As the magistrate noted, appellant testified she did not want a messy divorce and did not want to pay "big lawyer fees". Appellant admitted she voluntarily executed the separation agreement (transcript of the July 16, 1997, hearing, at 12).
In the recent case of Russell v. Russell (Stark App. No. 98-CA-0127), unreported, this court reviewed a situation similar to the case at bar. In Russell, the trial court found the parties had knowingly and voluntarily entered into the separation agreement, and there was no evidence of threat, coercion, or duress. The trial court conceded the agreement the parties entered into might not have been the best possible one, and both parties testified at the hearing the information contained in the separation agreement was inaccurate. We noted there is a distinction between a court-ordered division of property and a settlement agreement. When the trial court makes the division of property, the court must attempt to make a fair and equitable distribution under Ohio law. On the other hand, where the parties fully negotiate a contract, the contract may favor one side or the other. Particularly here, where appellant articulated several good reasons why she would voluntarily enter into an agreement which favored appellee, the trial court does not err in enforcing the separation agreement. We have reviewed the record, and we find both the magistrate and the trial court carefully and exhaustively discussed the issues in this case and properly applied Ohio law to the issues. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., concur. Edwards, J., dissents.